IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**JAMIE MARTINEZ-BENITEZ,**

    **Petitioner,**

v.                                             **Case No. 1:18-cv-01176**

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On July 23, 2018, Petitioner Jaime[1] Martinez-Benitez, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Given that Petitioner has received all of the relief currently available to him, his petition is moot; therefore, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** the Petition for a Writ of Habeas Corpus and remove this matter from the docket of the Court.

**I.**     **Relevant History**

Petitioner is a sentenced federal prisoner currently housed at FCI McDowell in Welch, West Virginia. In his habeas petition, Petitioner states that he is a citizen of the

---

[1] According to Petitioner's birth certificate, immigration and social security documents, the correct spelling of his name is Jaime, the Spanish equivalent of James or Jamie.

United States of America, having been granted that status pursuant to the Child Citizenship Act of 2000. (ECF No. 1 at 6). Notwithstanding this fact, United States Immigration and Customs Enforcement ("ICE") filed a detainer with the Federal Bureau of Prisons ("BOP") seeking to take custody of Petitioner when he is released by the BOP. Petitioner requests that the detainer be removed; that he be documented as a United States citizen with certification from the immigration department; and that the immigration department verify to the BOP that Petitioner is a citizen of the United States. (ECF No. 1 at 7).

On July 30, 2018, the undersigned ordered Respondent to answer or otherwise respond to the petition and show cause why the relief requested should not be granted. (ECF No. 6). A response to the show cause order was filed on September 24, 2018. (ECF No. 9). In the response, Respondent asserts that the Court does not have jurisdiction over the habeas petition, because Petitioner is not "in custody" on the ICE detainer that forms the basis of the petition. Accordingly, a petition for habeas relief is not the proper avenue for Petitioner to seek relief. Respondent further argues that this case should be dismissed as moot. Specifically, Respondent provides documentation establishing that the ICE detainer has been canceled and that ICE has notified the BOP that the detainer is canceled. (*Id.* at 7-15). Respondent posits that the Court now lacks jurisdiction to consider the petition, because no active case or controversy remains.

On January 14, 2019, Petitioner filed an objection to the Respondent's contention that the petition is moot. (ECF No. 10). Petitioner suggests that a controversy still exists, because Respondent has failed to verify Petitioner's United States citizenship. Petitioner attaches a copy of a receipt, acknowledging that a Form N-600, Application for Certificate of Citizenship, was submitted on Petitioner's behalf. Petitioner indicates that

the "documents on file" will clearly confirm his United States citizenship. (*Id.*). Given Petitioner's objection, Respondent was ordered to respond. (ECF No. 11).

On March 29, 2019, Respondent filed a Response, asserting that the habeas petition should be dismissed for two reasons. First, Respondent reiterates that ICE has canceled the detainer; consequently, Petitioner has received the relief he requested. Second, Respondent states that Petitioner's request for verification of United States citizenship is not a matter within the jurisdiction of this Court. Respondent explains that the relief requested is not available through a habeas petition and, even if it was, Petitioner's Form N-600 application is pending. Therefore, as Petitioner's administrative remedies have not been exhausted, the petition should be dismissed.

## II. Discussion

Having considered the arguments of the parties and the relevant law, the undersigned **FINDS** that Petitioner's petition is moot, to the extent he requests removal of the ICE detainer, because that relief has been provided by ICE. The undersigned further **FINDS** that Petitioner has failed to exhaust his administrative remedies related to the question of citizenship; therefore, this Court lacks jurisdiction to address his request.[2]

### A. Mootness

Article III, Section 2 of the United States Constitution provides that the

---

[2] The undersigned also agrees with Respondent that a petition for a writ of habeas corpus is not the proper means by which to a challenge a pending ICE detainer, or to establish citizenship. A habeas petition is used only when a prisoner in custody attacks the validity or execution of the ***underlying*** conviction or sentence. *See Asemani v. Dep't of Homeland Sec., Immigration & Customs Enf't*, No. CV RDB-16-4065, 2017 WL 1233803, at *2 (D. Md. Apr. 3, 2017) (holding that a habeas petition may only be used when the habeas petitioner is "in custody" for the conviction or sentence under attack at the time his petition is filed. "Absent this custody, the court has no jurisdiction to grant the writ.") (citations omitted). Moreover, "[c]ourts in this Circuit have held that an immigration detainer does not subject a prisoner serving a criminal sentence to ICE custody." *Id.*

jurisdiction of the federal judiciary extends only to certain active cases or controversies. U.S. Const. Art. III, § 2. "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, n. 22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Relevant to the instant action, "when the claimant receives the relief he or she sought to obtain through the claim," the case becomes moot, because "the court no longer has effective relief to offer." *Williams v. Ozmint,* 716 F.3d 801, 809 (4th Cir. 2013).

Here, ICE canceled its detainer. Therefore, Petitioner received the relief he requested, rendering that portion of his claim moot.

**B. Lack of Jurisdiction**

Petitioner next asks the Court to order Respondent to verify that Petitioner is a citizen of the United States. Petitioner submits a copy of a receipt, documenting the filing a Form N-600, Application for Certificate of Citizenship, on his behalf. He claims that records on file with the Application clearly show that he is an American citizen.

Title 8 U.S.C. § 1503 sets forth the process for obtaining a declaration of United States citizenship. *Mundo-Violante v. Kerry,* 180 F. Supp. 3d. 442, 444 (W.D. Va. 2016). The process is initiated by filing a Form N-600, Application for Certificate of Citizenship.

4

*Id.* at 446. If the Application is denied, then the applicant seeking a declaration of citizenship may appeal the denial to the Administrative Appeals Office. *Id.* If the applicant's appeal is denied, he may file suit against the head of the department or agency for a judgment declaring him to be a national of the United States. *See* 8 U.S.C. § 1503(a) (providing "[i]f any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States."). Section 1503(a) adds that "[a]n action under this subsection may be instituted only within five years *after the final administrative denial of such right or privilege* and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts." 8 U.S.C. § 1503(a) (emphasis added). The United States Court of Appeals for the Fourth Circuit has interpreted the emphasized language to require the exhaustion of administrative remedies before an aggrieved person may seek relief in district court. *See Johnson v. Whitehead*, 647 F.3d 120, 125 (4th Cir. 2011) (finding that the petitioner's "habeas corpus petition [was] likewise barred because he failed to exhaust administrative remedies before filing his habeas action in the district court.) (citing 8 U.S.C. § 1503(a)).

In this case, Petitioner supplied a form acknowledging receipt of the Application for Certificate of Citizenship. He has not provided any evidence since then to show that the administrative process has resulted in a "final administrative denial." In light of

5

Petitioner's burden to establish this Court's subject matter jurisdiction—a burden that he has failed to carry—Petitioner's petition on this ground should be dismissed for lack of jurisdiction based on a failure to exhaust administrative remedies.

### III.  Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED**; and

2. This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections

shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** September 27, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge